DOROTHY CONNELL, PLAINTIFF-RESPONDENT, v. LEON RAECKHAUS, DEFENDANT-APPELLANT.

Submitted February 12, 1937—Decided April 30, 1937.

For the plaintiff-respondent, *David T. Wilentz*.

For the defendant-appellant, *John C. Stockel*.

The opinion of the court was delivered by

WOLFSKEIL, J.   Plaintiff, a pedestrian, while in the act of crossing a road was struck by an automobile operated by the defendant.  A suit for the injuries sustained resulted in a verdict in her favor.  Defendant immediately applied for and obtained a rule to show cause why a new trial should not be granted, reserving exceptions taken during the trial.  The reasons assigned were that the verdict was excessive, that it was contrary to the weight of the evidence and that it was the result of passion, prejudice and mistake on the part of the jury.

The rule to show cause was discharged and defendant appeals.  Two grounds of appeal are assigned but appellant

argues solely that the trial court erroneously refused to grant a motion to nonsuit the plaintiff, to which exception was taken and allowed.

It has repeatedly been held by this court that such a ground of appeal is not available when one of the reasons assigned for the rule to show cause was that the verdict was against the weight of the evidence. The consideration and disposition of the rule covers the ground of a motion to nonsuit and operates as a bar to any argument or consideration of such ground on an appeal. The most recent pronouncement to this effect is to be found in the case of *Simons* v. *Lee,* 117 *N. J. L.* 370.

But appellant contends that because at the hearing on the rule to show cause, he relied only on the assignments that the verdict was excessive and that it was the result of passion, prejudice and mistake, and did .not advance any argument on the assignment that the verdict was contrary to the weight of the evidence, he is at liberty now to question the propriety of the trial court's refusal to nonsuit the plaintiff.

The answer to this is twofold: first, the rule to show cause includes the ground that the verdict was against the weight of the evidence, and whether argued or not, all reasons in support of the rule are as an effect of the order discharging it, *res adjudicata. Cleaves* v. *Yeskel,* 104 *N. J. L.* 497.

Secondly, although appellant contends that no argument was advanced at the hearing on the rule to show cause on the assignment that the verdict was against the weight of the evidence, the conclusions filed by the trial judge, which form part of the record, would seem to indicate otherwise. While the court does say that only the first and last reasons were argued by counsel for the defendant in his memorandum, nevertheless it clearly appears that the weight of the evidence was in fact considered and disposed of by the court, for he says in his conclusions:

"The verdict was contrary to the weight of the evidence as it impressed the court, but it was the function of the jury to determine the credence it would place in the testimony of the various witnesses and there was testimony which if

believed by the jury, would justify a finding of negligence on the part of the defendant and a failure to sustain the burden placed upon him to prove the contributory negligence of the plaintiff  *  *  *.  I feel this presented a jury question and while if a member of the jury, I would have found differently the court does not feel the verdict was so clearly against the weight of the evidence as to justify setting the verdict aside on that ground."

The court also found that the grounds of excessiveness of verdict and passion, prejudice and mistake on the part of the jury were equally without merit.

There is another and further reason why the judgment below must be affirmed and that is because there is no arguable ground of appeal before this court.  Appellant admits that the assignment of the ground that the verdict was the result of passion, prejudice and mistake on the part of the jury was presented, argued, considered and disposed of by the trial court on the rule to show cause.  That being so the law is well settled that such an assignment is the equivalent to an assignment that the verdict is against the weight of the evidence and the discharge of the rule under such circumstances precludes further consideration of an appeal on the ground of error in refusing to nonsuit.  *Robins* v. *Mack International, &c., Corp.,* 113 *N. J. L.* 377, and many cases cited therein.

The judgment is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, Cole, JJ.  16.

*For reversal*—None.